*328 This was a Case adjourned to this Court by the Superior Court of baw for Wood county. The whole Case is fully set out in the following- opinion of the Court, which ' was delivered by
R. E. PARKER, J.
At a Superior Court of Law held for Wood county, on the 29th day of September, 1824, the Defendant was indicted for an assault and battery, committed the 28th of April preceding, on one Christian Schultz, jun. In September, 1825, he appeared and pleaded not guilty, and two special pleas, substantially and almost literally agreeing, insomuch that the Court might well have considered them as one plea, and refused the Defendant leave to file them both. They state, in substance, that the Defendant had been indicted in August preceding the September Term, 1824, for the same of-fence in the County Court of Wood; that he had pleaded guilty to the Indictment, and been amerced by a jury in the sum of two dollars and fifty cents, for which a judgment had been rendered against him by the said Court in November, 1824. These pleas contain the requisite averments of the identity of the persons, and of the offence, and are in other respects sufficiently formal, although, as before stated, so nearly alike as to present, substantially, the same de-fence in bar. The Commonwealth’s Attorney, at the Spring Term of the present year, 1826, filed replications to each plea, admitting the facts stated therein, but averring that on the 29th of April, 1824, the *Defenda'nt had, for this same offence, been bound in a recognizance before the Superior Court of Wood, conditioned for his appearance on the first day of the succeeding Term of the said Superior Court, to answer an Indictment to be then and there preferred against him, for the assault and battery alleged to have been committed by him upon the said Schultz; and that in the mean time, in order that he might plead a conviction in the County Court, in bar of the proceedings instituted in the Superior Court, he caused and procured one James Henderson, of the said county, to prefer an Indictment against him for the same offence, and caused and procured witnesses to be sent to the Grand Jury in said County Court; and that therebj» the said Henderson, by the procurement, and with the privity of the Defendant, caused and procured him to be indicted; to which Indictment he pleaded guilty, and was amerced in the sum mentioned in the plea, for which the judgment relied on in bar was rendered. Both these replications conclude thus1 !and this the Commonwealth is ready to verify by the records.”
The record goes on to state, that thereupon the Defendant rejoined generally to the first special replication, and issue was joined thereon, but demurred generally to the second replication, and the Attorney for the Commonwealth joined in demurrer.
The questions of Law arising upon the demurrer of the Defendant to the special replication of the Attorney for the Commonwealth, are adjourned to this Court for novelty and difficulty, and its opinion requested thereon.
If there was no objection of form to this replication, we are all prepared to certify to the Court below what perhaps was the real question intended to be submitted, that the demurrer should be over-ruled and the replication adjudged good. We have no doubt, but that the matters stated in the replication, are a sufficient answer to the Defendant’s plea. If they are true, the Defendant bj» an artful and fraudulent contrivance, attempted to oust the Superior Court of its jurisdiction, for purposes which we can readily imagine. The means resorted to, to effect this object, viz: the procuring a pretended prosecutor to institute a sham prosecution; are in themselves utterly subversive of the Criminal Justice of the countrj», and cannot, for a moment, receive the countenance of this Court. If, where a real and serious prosecution is instituted, a Defendant can escape from its consequences, by such a device; a device *adopted by collusion with others, in order that he may be enabled to plead a former conviction in bar of such prosecution (as this replication expresslj» alleges, it would be better that all the Criminal Laws should be repealed, than that the Courts attempting to enforce them, should exhibit such a mockery of Justice.' We are, therefore, unanimously of opinion, that the replication in this Case sets out sufficient matter of substance, to avoid the effect of the plea. But we think that the conclusion of the replication is bad, in point of form. It purports to verify the allegations of the replication, by the records of the County Court, and so refers the trial of the issue to be made up, to the Court, instead of referring it to the jury. In other words, a special, instead of a general verification, is used. Matters of record are indeed alleged in the replication as parts of the de-fence to the plea, but they .are mixed up with matters in pais, and are only used as inducement to the facts relied on to avoid the plea. The conclusion ought, notwithstanding, to have been in the usual form, "and not in the manner .here stated. If, indeed, this was a Civil Cáse, this defect, or imperfection of form, would not be regarded, unless specially alleged in the demurrer as cause thereof, by virtue of the Act of Assembly in such case provided, (see 1 Rev. Code, l 101, p. 511,) copied from the English Statute of 27 Elizabeth, c. 5. But this Act does not extend to Criminal Cases, and therefore, in such cases, defects or imperfections of form, may be taken advantage of on general demurrer, such as is filed to the replication in question. The consequence is, that the demurrer must be sustained, unless the Attorney for the Commonwealth asks and obtains leave to withdraw his joinder in demurrer, and amend his replication in this particular; but if he chooses to adopt that course, we entertain no doubt of the propriety, at this stage of the proceedings, of the Court’s giving him leave to amend.
*329 The following is to be entered as the judgment of the Court:
‘ ‘This Court is of opinion, and doth decide, that the demurrer of the Defendant to the replication of the Attorney for the Commonwealth, ought to be sustained; the said replication although good in substance, being defective in form, in concluding with a verification by the record; unless the said Attorney askes leave to withdraw his joinder *in demurrer, and amend his replication, which the Court below ought not to refuse: and if the informality is cured by amendment, and the Defendant does not withdraw his demurrer, the Court is further of opinion, that it ought to be over-ruled and a judgment of respondeat ouster rendered.’9